**IN THE UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF NEW YORK**

RACHEL ECKERT,

    Plaintiff,

v.    Case No. 22-cv-540-LJV

CITY OF BUFFALO, et al

    Defendants,

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S COUNTY OF ERIE, TIMOTHY HOWARD, JOHN GARCIA, APRIL BASKIN, AND JOHN FLYNN'S MOTION TO DISMISS THE PLAINTIFF'S SECOND AMENDED COMPLAINT**

**PRELIMINARY STATEMENT**

Plaintiff commenced this instant action seeking relief from deprivation of rights guaranteed and protected by the Constitution of the United States of America. These acts were committed against the Plaintiff by the Defendants who shared a common purpose of depriving the Plaintiff of those rights. These acts include but are not limited to: gross and unwarranted invasion of privacy, discrimination, restricting free speech and expression, retaliating against free speech and expression, deprived the Plaintiff the right to bear arms, deprived the Plaintiff of her right to property, deprived Plaintiff of the right to a speedy trial, and deprived Plaintiff of the right to equal protection of the laws because she is white.

Plaintiff respectfully asked this Court, on two separate occasions, for counsel to be assigned to her as she is not a lawyer, did not go to law school, is not admitted to practice before the Federal Court, nor a member of the NYS Bar Association. Plaintiff does not have 20 years+

experience in litigation nor has she been trained in what and how to present her case to a court of law for justice. What the Plaintiff does know, however, are her rights guaranteed and protected under the Constitution of the United States. This is evident by the Plaintiff's feat in the Fourth Department Appellate Court regarding her property rights and it would be evident in this court of law should the Plaintiff have adequate representation to preserve her right to fair and equal due process of the law. It is also evident by the Plaintiff's feat in the Fourth Department Appellate Court regarding her claims against Hon. Catherine Nugent Panepinto abusing her power and discretion, when she indeed did not have any. Additionally, it is evident by the fact the Plaintiff spoke with over 80 lawyers between Buffalo and Rochester who all stated she had legitimate claims.

      In the event this Court finds that Plaintiff's RICO claims will not hold up against the named Defendants, Plaintiffs First Amendment claim against Baskin must stand, as the Plaintiff has a constitutional right to freedom of speech and expression. Baskin suppressed Plaintiff's views on social media and the Plaintiff's families' views. Plaintiff brought to social media criticisms against Baskin when her name was being used with the A District Buffalo Police Department to have her unlawfully arrested. The interactive portion of Baskin's Facebook page is a "public forum," so an official cannot block people from it because of the opinions they hold. Doc 58 p.53-54 ¶ 1046-1053; p.62 1211-1225. The Second Circuit Court affirmed that if government officials open social media accounts to the public as a way of communicating about official business, the accounts will be analyzed under the public forum doctrine where blocking users as a result of criticism is not allowed. Doc 58 p.62-63 ¶ 1226-1237. It is undeniable that Defendant Baskin violated and suppressed the Plaintiffs right to free speech and expression. It is undeniable that Defendant Baskin deprived the Plaintiff of her right to free speech and

expression and should be held liable pursuant to 42 USC 1983. It is undeniable that Defendant Baskin conspired with other Defendants to suppress the Plaintiff's opinions and views on the Legislators public Facebook page. It is undeniable that Baskin, who had knowledge of the wrongs conspired to be done or already committed and having the power to prevent the commission of the same, neglected and refused to prevent any wrongdoings against the Plaintiff. In fact, Baskin herself participated in these wrongs by suppressing the Plaintiffs free speech and expression on a public forum. Further, Baskin allowed Meadows to continually use her name in official proceedings against the Plaintiff and to law enforcement in an attempt to politicize and weaponize the system against the Plaintiff, which has been particularly plead in Plaintiff's timeline and RICO statement. Doc 59 ¶ 442-454.

In the event this Court finds that Plaintiff's RICO claims will not hold up against the named Defendants, Plaintiff's Fourteenth Amendment violation against Howard and Garcia must stand as the Plaintiff has a right to equal protection of the laws. Doc 58 p.106-107 ¶ 2091-2102. The Plaintiff has a guaranteed right to equal protection of the laws and no State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States. It is undeniable that Howard and Garcia failed to enforce and protect Plaintiff under the NYS Hate Crime laws. This was solely based off the fact that Plaintiff is white, and Meadows is black. Plaintiff was told Hate Crimes are not applicable to the white race in NYS. It is undeniable that Howard and Garcia's office failed and refused to provide equal protection of the laws and enforce Plaintiffs order of protection, claiming that the City of Buffalo has their own police force, and the Sheriff's office will not oversee their decisions.

## ARGUMENT

### POINT I

## I. Plaintiff Established the Existence of an Association-In-Fact Enterprise

Defendants argue the Plaintiff failed to establish an association-in-fact enterprise. Plaintiff disagrees. The Plaintiff identified the Defendants that made up the association-in-fact. Doc. 59 ¶ 62-78. The Plaintiff established when the association was formed. Doc. 59 ¶ 109-110. The Plaintiff established an existence of the association by what it does rather than by abstract analysis of its structure. The association's existence is proven by its various racketeering acts alleged in the complaint. The Plaintiff established the purpose of the association. Doc. 59 ¶ 96-108. The Plaintiff established the association had a longevity sufficient enough to carry out the enterprises purpose. Doc 59. ¶ 115-129 and ¶ 202-205. The Plaintiff established the association acted as a continuing unit. Doc 59. ¶ 130-141.

The Plaintiff provided this Court with communications made by the RICO members and to whom, establishing the fact the members sole purpose was to deprive the Plaintiff of her property rights. Doc 59. ¶ 293-305. Plaintiff provided this Court with communications by the RICO members who spread lies and narratives about the Plaintiff. Doc 59. ¶ 306-318; ¶ 326-335; ¶ 343-353; ¶ 354-367. The Plaintiff also plead to this Court the Defendants have been concealing information from the Plaintiff which she is entitled to under Article 6 Public Officers Law which would allow the Plaintiff to provide more "proof" of the communications between them. This includes a video of Meadows using her affiliation with Baskin's to have Plaintiff unlawfully arrested May 23, 2020. Defendants have an unfair tactical advantage over the Plaintiff as they're in sole possession of evidence for this action and they refuse to turn it over via FOIA requests and federal subpoenas.

The Plaintiff is at the initial pleading stages and evidence will be adduced throughout discovery and/or witness affidavits. Plaintiff is not required by law to provide evidence at the

pleading stages, and it would be inappropriate to dismiss the Plaintiff's claims this early in the stage without giving a chance to submit proper evidence or for a jury to decide facts. Further, the Defendants are in possession of evidence that Plaintiff has tried to FOIA. The Defendants have ignored every request made by the Plaintiff, denied her an appeal, tried to interfere with her Article 78 hearing, and refused to cooperate with a federal subpoena. It would be unjust to dismiss Plaintiff's claims when she has taken every legal avenue to obtain evidence she is entitled to as a matter of law.

## II. Plaintiff Plead, in Particular, the Purpose, the Relationships, and the Longevity of an Association-In-Fact Enterprise

The Defendants argue that the Plaintiff failed to state exactly what the goal and purpose of the enterprise is. The Plaintiff disagrees. The Plaintiff properly alleged, **specifically, the Enterprise(s) had a common, unlawful and unconstitutional goal of corruptly and wrongfully violating Plaintiff's right to life, liberty, and property, impeded her ability to access the courts, and otherwise sabotaging her professional career through deceptive, criminal, and fraudulent means**. Doc. 59 ¶ 98-104. Relationships among those associated with the enterprise were properly plead (Doc 59 ¶ 155-179) and longevity (Doc 59 ¶ 115-122; ¶ 202-207). Further, Plaintiff alleges that Meadows regularly met with Baskin and Brown when providing political career services to them through various non-profit organizations. Doc 58 p.51-52 ¶ 1005-1015. Plaintiff alleges that Meadows regularly met with Baskin and Brown when she served as an Assembly woman in the Masten District as well as met with them regularly when she ran their social media campaigns for Legislator and Mayor. Again, evidence will be adduced through discovery which includes photos of Meadows with Baskin and Brown at various political events, trial transcripts of Meadows using Baskins name for influence, and

emails and/or texts that Plaintiff will be able to retrieve with either subpoena power or compliance from the Defendants in discovery.

The Defendants argue that the Plaintiff failed to mention what kind of conduct or alleged wrongful conduct she is referring to. The Plaintiff disagrees. Plaintiff has alleged the same conduct throughout the entirety of her complaint, her timeline (which is plead in particular), and her RICO statement. The Plaintiff's timeline particularly states each Defendants conduct, and when it occurred. Each date listed is a date of facts, not legal conclusions.

### III. Plaintiff Has Plead Each Required Element of the Various Racketeering Allegations and RICO Counts

Rule 9(b)'s heightened pleading standard is applied less stringently when specific factual information about the details of the fraud are peculiarly within the Defendants knowledge or control, which the Plaintiff plead. Doc 59 ¶ 281-286. In spite of this, Plaintiff particularly plead other use of interstate wires. Doc 59 ¶ 293-377.

18 USC 1503 applies to both officers of the court and jurors. Plaintiff did allege Baskin influenced Hon. Mark Grisanti, an officer of the court. Doc 59 ¶ 445-451. The Plaintiff did attempt to FOIA records from the County of Erie and NYS Unified Court System to provide evidence of such interference, but as any other FOIA request, she has been ignored and constructively denied.

A prosecutor can authorize filing a charge(s) if he/she reasonably believes probable cause exists that the suspect committed the offense. In fact, Flynn has invoked this power on several occasions and has brought charges against Erie County residents without the help from law enforcement. Take Betty Jean Grant for example, a former Erie County Legislator prosecuted by Flynn himself. Plaintiff has brought several violations of the order of protection to Flynn's

attention, including assault, and he failed to provide equal protection of the laws, leading to a third assault on the Plaintiff by Meadows.

The Plaintiff has made every attempt since May 23, 2020, to obtain body camera footage from Buffalo Police Department that could show Baskin influencing Dixon's decision to unlawfully arrest the Plaintiff. Plaintiff sent non-spoliation notices to preserve the footage, attempted to FOIA it for 3 years, and tried to subpoena it. The City of Buffalo and its agents destroyed the evidence against body camera worn policy. This is one of the issues Plaintiff has been having is the government in sole possession of evidence and either destroying it or refusing to hand it over, even with a federal subpoena.

## POINT II

### I. The Plaintiff Did Provide New Facts to Support Her 1983 Claim

The Plaintiff's complaint properly alleged Baskin was acting under color of law. Doc 58 p.25-26 ¶ 490-500; p.64 ¶ 1259-1261; p.65 ¶ 1274-1278. The Plaintiff properly alleged Baskin deprived Plaintiff of her free speech and expression, guaranteed by the Constitution. Doc 58 p.53 ¶ 1046-1053; p.65 ¶ 1279-1284. This is a deprivation of constitutional rights, and the Plaintiff is entitled to relief.

The Plaintiff's complaint properly alleged Howard was acting under color of law. Doc 58 p.23-24 ¶ 453-459; p.64 ¶ 1259-1261; p.65 ¶ 1269-1273 and 1274-1278. The Plaintiff properly alleged Howard deprived Plaintiff of equal protection of the laws, guaranteed by the Constitution. Doc 58 p.65 ¶ 1269-1273 and ¶ 1279-1284; p.83-84 ¶ 1638-1643; p.106-107 ¶ 2091-2098. This is evident by failing to properly handle Plaintiff's hate crime reports which were assigned to the Sheriff's office by the NYS Attorney General's office. It is a fact that Plaintiff was told her hate crime complaints would be closed because she is white and the law

1  doesn't apply to her. This is a deprivation of constitutional rights, and the Plaintiff is entitled to
2  relief.
3      The Plaintiff's complaint properly alleged Garcia was acting under color of law. Doc 58
4  p.24 ¶ 460-466; p.64 ¶ 1259-1261; p.65 ¶ 1269-1273 and ¶ 1274-1278. The Plaintiff properly
5  alleged Garcia deprived Plaintiff of equal protection of the laws, guaranteed by the Constitution.
6  Doc 58 p.65 ¶ 1269-1273 and ¶ 1279-1284; p.83-84 ¶ 1638-1643; p.106-107 ¶ 2091-2098. This
7  is evident by failing to properly handle Plaintiff's hate crime reports which were assigned to the
8  Sheriff's office by the NYS Attorney General's office. It is a fact that Plaintiff was told her hate
9  crime complaints would be closed because she is white and the law doesn't apply to her. This is
10  a deprivation of constitutional rights, and Plaintiff is entitled to relief.
11      The Plaintiff's complaint properly alleged Flynn was acting under color of law. Doc 58
12  p.38-39 ¶ 751-769; p.64 ¶ 1257-1258; p.65 ¶ 1274-1278. The Plaintiff properly alleged Flynn
13  deprived Plaintiff of constitutional due process, guaranteed by the Constitution. Doc 58 p.65 ¶
14  1279-1284; p.73 ¶ 1440-1442; p.83-84 ¶1638-1643. This is a deprivation of constitutional rights,
15  and the Plaintiff is entitled to relief. The Plaintiff's complaint properly alleged Flynn failed to
16  provide Plaintiff a speedy trial, guaranteed by the Constitution. Doc 58 p.70 ¶ 1373-1375; p.104
17  ¶ 2033-2036. This is a deprivation of constitutional rights, and the Plaintiff is entitled to relief.
18  The Plaintiff's complaint properly alleged Flynn violated the Privacy Act, causing direct injury
19  to the Plaintiff. Doc 58 p.132 ¶ 2590-2597.
20      In fact, throughout the entirety of the Plaintiff's sec. amnd. Complaint, sec. amnd.
21  Timeline, and RICO statement, she has plead well within the four corners of each, the elements
22  required for each claim. Plaintiff's timeline is a set of facts. Plaintiff has a right to present

evidence to the trier of facts to decide what the actual facts are. Opposing counsel cannot just disagree and that be fact.

## II. Plaintiff's §1985 And §1986 Claims Must Stand

The Plaintiff has stated a claim for which relief can be granted.

## III. The Plaintiff Did State a Claim for Which Relief Could Be Granted, Therefore Negligent Hiring, Training, and Supervision Must Stand

The Plaintiff stated she has exhausted all efforts to have her constitutional rights enforced, which includes contacting the Erie County Sheriff's Office. Doc 58 p.47-48 ¶ 929-934. This was on several occasions when the Buffalo Police refused to enforce the Plaintiff's order of protection and when the Buffalo Police refused to violate Meadows for continually trespassing on Plaintiff's property and intentionally damaging it. While the Plaintiff is not in possession of each and every time she requested help from the Sheriff's office, the Defendants are privy to that information and could provide the dates the Plaintiff called and sought assistance. They will not turn that over via FOIA request.

Dated: 11/15/2023
County: Erie

Rachel Zakert
277 Barnard St.
Buff NY 14206
rcokev25@outlook.com

I, Rachel Zakert, declare under penalty of perjury that the foregoing is true and correct, to the best of my knowledge, information and belief.

Revised 05/01 WDNY

# AFFIRMATION OF SERVICE
(If you are **not** having your signature notarized, use this form)

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RACHEL ECKERT,

Plaintiff(s),

v.

CITY OF BUFFALO, et al,

Defendant(s).

AFFIRMATION OF SERVICE

1:22-CV-00540LJV

I, (*print your name*) Brandon Collins, served a copy of the attached papers (*state the name of your papers*) opposition to defendant Meadows motion to dismiss opposition to defendants Erie County, Timothy Howard, John Garcia, April Baskin, and John Flynn

upon all other parties in this case by mailing [✔] by hand-delivering [ ] (*check the method you used*)
these documents to the following persons (*list the names and addresses of the people you served*)

Cavoletta Meadows 281 Barnard St Buff 14206

Ikeoluwa Popoola 95 Franklin St. Buff 14202

Richard Braden 1615 Main St. Ste 400 Buff 14203

on (*date service was made*) November 15, 2023

I declare under penalty of perjury that the foregoing is true and correct, to the best of my knowledge, information and belief.

Executed on 11/15/2023
(date)

(your signature)