UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RACHEL ECKERT,

        Plaintiff,

    v.                                             22-CV-540-LJV
                                                   DECISION & ORDER
CITY OF BUFFALO et al.,

        Defendants.

---

Before the Court are the following motions: (1) a motion to appoint counsel and for accommodations under the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act ("Section 504") filed by the plaintiff, Rachel Eckert, Docket Item 126; (2) a motion for a temporary restraining order ("TRO") and preliminary injunction ("PI") filed by Eckert, Docket Item 127; (3) a "motion to adopt and conform" filed by one of the defendants, Carolette Meadows, Docket Item 130; (4) a motion for an extension of time to serve the defendants filed by Eckert, Docket Item 131; (5) a motion to consolidate filed by Meadows, Docket Item 132; (6) a motion for leave to file a late answer to Eckert's second amended complaint filed by Meadows, Docket Item 133; (7) a motion for summary judgment filed by Meadows, Docket Item 135; (8) a motion for an extension of time to file response and letter requesting copies of unserved motions filed by Eckert, Docket Item 136; and (9) a motion for remand filed by Eckert, Docket Item 138.  The Court will address each motion in turn.

## **MOTION TO APPOINT COUNSEL AND FOR ACCOMMODATIONS**

Eckert moves for the appointment of counsel to represent her as a "reasonable accommodation[] under the [ADA] and Section 504." Docket Item 126 at 2. Although the Court is sympathetic to Eckert's situation, it declines to appoint counsel at this juncture.

First, "[f]ederal courts are not 'public entities' subject to the public services provisions of Title II of the ADA." *Clay v. Wall*, 2019 WL 113718, at *3 (D.R.I. Jan. 4, 2019) (quoting *Gulla v. Dennehy*, 2007 WL 923527, at *1 (D. Mass. Mar. 27, 2007)). "Rather, the ADA public entity definition encompasses only state and local governments." *Id.* (citation omitted). Similarly, "[f]ederal courts are not subject to the Rehabilitation Act since federal courts are not encompassed in the definition of 'program or activity' to which the statute applies." *Id.* (citation omitted). "Based on these principles, even if a claimant suffers from a qualifying disability, courts consistently reject the notion that public agencies, including courts, are required to appoint counsel." *Id.* (collecting cases).

Moreover, many of Eckert's concerns appear to be amenable to accommodations that the Court can provide. For example, in addition to the appointment of counsel, she asks for "[g]race for missed deadlines directly related to disability-related impairments, with ability to cure upon showing good cause"; "[s]hort recesses or breaks during proceedings if [she] experiences anxiety, panic, or cognitive overload"; and "[p]ermission to appear remotely (via Zoom or teleconference) for conferences, hearings, and proceedings when anxiety or cognitive impairment make in-

person attendance unreasonable."[1]  Docket Item 126 at 4-5.  While the Court is not inclined to enter a blanket order on these issues, it always will entertain specific requests of that nature, especially if related to a litigant's disability.

Finally, the Court notes that—far from being unable to access the courts—Eckert is a prolific filer.  In this case alone, she has filed over fifty submissions, and this matter still is in its early stages.

For all those reasons, this Court denies Eckert's motion to appoint counsel without prejudice and denies her request for accommodations without prejudice to her making specific requests as needed.

## MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Eckert "renews her motion" for a TRO and PI.  Docket Item 127 at 2.  This Court construes this as a motion for reconsideration of this Court's prior decision denying those motions.  *See* Docket Item 120 at 11-16.

"A motion for reconsideration is an extraordinary request that is granted only in rare circumstances, such as where the court failed to consider evidence or binding authority."  *Van Buskirk v. United Grp. of Cos., Inc.,* 935 F.3d 49, 54 (2d Cir. 2019).  Thus, "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  Eckert's motion fails to meet that

---

[1] Eckert also asks for electronic filing privileges.  This Court previously denied that request, *see* Docket Item 28, and sees no reason to revisit its ruling.

3

high bar.  In particular, she again seeks "a sprawling injunction that would require this Court to engage in 'an ongoing federal audit' of all of Eckert's interactions with state and local officials and entities."  *See* Docket Item 120 at 14 (quoting *O'Shea v. Littleton*, 414 U.S. 488, 500 (1974)).  The Court denies her renewed motion for a TRO and PI for the same reasons as it did previously.

### MOTION TO ADOPT AND CONFORM

Meadows moves "to join, adopt, and conform to all submissions of the co-defendant(s), City of Buffalo[,] et al[.]," which, she says "will allow multiple defendants to be joined if claims arise from the same occurrence/series and involve common questions of law/fact, promoting efficiency."  Docket Item 130 at 1.  The Court denies this motion as premature.  If and when other defendants file substantive motions, Meadows can seek to join those arguments, but any such request must be specific to the motion being made.

### MOTION FOR EXTENSION OF TIME TO SERVE DEFENDANTS

Eckert requests "additional time to serve any [d]efendant that has been unsuccessfully served."  Docket Item 131 at 1.  She says that "[t]he record indicates that certain individuals weren't served while also reflecting they are represented by counsel."  *Id.*  But the defendants for whom summonses were returned unexecuted, *see* Docket Items 125 and 128, have since answered the complaint through counsel—who received the second amended complaint through CM/ECF—and do not raise improper service as

4

a defense.  *See* Docket Item 129 (answer).  Eckert's motion therefore is denied as

moot.[2]

## MOTION TO CONSOLIDATE CASES

Meadows moves to consolidate this case with three other cases that Eckert

brought in state court and that Meadows says will be removed to federal court.  Docket

Item 132.  The Court has checked CM/ECF, and it does not appear that any of those

cases has yet been removed.  Meadows's motion to consolidate therefore is denied

without prejudice.

## MOTION FOR LEAVE TO FILE LATE ANSWER TO SECOND AMENDED COMPLAINT

Meadows moves for leave to file her answer to the second amended complaint

out of time.  Docket Item 133.  The Court grants that motion and accepts Meadows's

answer, Docket Item 134, as timely.

## MOTION FOR SUMMARY JUDGMENT

Meadows moves for summary judgment under Federal Rule of Civil Procedure

56.  Docket Item 135.  More specifically, she seeks summary judgment on "all claims

remaining against her . . . , including the claims for intentional infliction of emotional

distress, negligent infliction of emotional distress, and conspiracy under 42 U.S.C.

§§ 1985 and 1986."  *Id.* at 1.  In support of her motion, she cites a number of state

---

[2] If the defendants attempt to raise a defense of improper service, the Court will
revisit Eckert's request.

5

cases that she says have been resolved against Eckert. *See* Docket Item 135 at 4-7 (citing decision of New York State Appellate Division, Fourth Department, regarding "unlawful harassment" and easement rights, as well as various criminal cases). But those cases appear to address different issues, and Meadows has not made any showing that either the doctrine of res judicata or collateral estoppel applies.[3] *See generally id.*

Moreover, this case is at an early stage, and discovery has not yet begun. And "courts routinely deny motions for summary judgment as premature when discovery over relevant matters is incomplete." *Thompson v. N.Y. State Corrs. & Cmty. Supervision*, 2023 WL 6499443, at *1 (W.D.N.Y. Oct. 5, 2023) (quoting *Toussie v. Allstate Ins. Co.*, 213 F. Supp. 3d 444, 445 (E.D.N.Y. 2016)). To grant summary judgment, "[t]he nonmoving party must have 'had the opportunity to discover information that is essential to his opposition' to the motion for summary judgment." *Hellstrom v. U.S. Dep't of Veterans Affs.*, 201 F.3d 94, 97 (2d Cir. 2000) (quoting *Trebor Sportswear Co. v. The Limited Stores, Inc.*, 865 F.2d 506, 511 (2d Cir.1989). "Only in the rarest of

---

[3] Res judicata—or claim preclusion—"holds that a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Bank of N.Y. v. First Millennium, Inc.*, 607 F.3d 905, 918 (2d Cir. 2010) (quoting *Monahan v. N.Y. City Dep't of Corr.*, 214 F.3d 275, 284 (2d Cir. 2000)). The res judicata bar extends to "all . . . claims arising out of the same transaction or series of transactions . . . , even if based upon different legal theories or if seeking a different remedy." *O'Brien v. City of Syracuse*, 54 N.Y.2d 353, 357, 429 N.E.2d 1158, 1159 (1981) (citation omitted). "Collateral estoppel, or issue preclusion, prevents parties . . . from relitigating in a subsequent action an issue of fact or law that was fully and fairly litigated in a prior proceeding." *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 288 (2d Cir. 2002). It applies when "(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits." *Id.* at 288-89 (citation and internal quotation marks omitted).

cases may summary judgment be granted against a [party] who has not been afforded the opportunity to conduct discovery." *Id.* (collecting cases).  Accordingly, this Court also finds that Meadows's motion is premature.

For those reasons, Meadows's motion for summary judgment is denied without prejudice.[4]

## MOTION FOR EXTENSION OF TIME TO FILE RESPONSE AND REQUESTING COPIES OF UNSERVED MOTIONS

Eckert says that she never received copies of three motions filed by Meadows "on or about June 16, 2026."  *See* Docket Item 136 at 1.  Eckert presumably is referring to Meadows's motions to consolidate cases, Docket Item 132; for leave to file a late answer to the second amended complaint, Docket Item 133; and for summary judgment, Docket Item 135.  As explained above, this Court is denying Meadows's motion to consolidate and motion for summary judgment and is granting Meadows's motion to file her answer late.[5]  Thus, Eckert's motion for copies and an extension of time to respond is denied as moot.

As a courtesy, this Court will mail Eckert a copy of Meadows's answer to the second amended complaint.  **But Meadows is cautioned that going forward, she must serve Eckert with any papers that Meadows files.**

---

[4] In passing, Meadows also says that she seeks sanctions under Federal Rule of Civil Procedure 11.  Docket Item 135 at 2.  There is no basis for this request, and it therefore is denied.

[5] Particularly in light of Meadows's pro se status, the Court would have granted her motion for an extension of time even if Eckert had opposed it.

**MOTION TO REMAND**

Finally, Eckert moves to remand the actions that she says Meadows removed from state court.  *See* Docket Item 138 at 1; *see also* Docket Item 132.  But, as noted above, it does not appear that any of those actions have been removed.  And even if they had, any motion to remand must be made in each removed case, not in this one.  Thus, Eckert's motion to remand is denied.

**CONCLUSION**

For the reasons stated above, Eckert's motion to appoint counsel and for accommodations under the ADA and Section 504, Docket Item 126, is DENIED WITHOUT PREJUDICE; Eckert's renewed motion for a TRO and PI, Docket Item 127, is DENIED; Meadows's "motion to adopt and conform" is DENIED WITHOUT PREJUDICE, Docket Item 130; Eckert's motion for an extension of time to serve the defendants, Docket Item 131, is DENIED AS MOOT; Meadows's motion to consolidate, Docket Item 132, is DENIED; Meadows's motion for leave to file a late answer to Eckert's second amended complaint, Docket Item 133, is GRANTED; Meadows's motion for summary judgment, Docket Item 135, is DENIED WITHOUT PREJUDICE; Eckert's motion for an extension of time to file a response and letter requesting copies of unserved motions, Docket Item 136, is DENIED AS MOOT; and Eckert's motion for remand, Docket Item 138, is DENIED.

This Court will refer this case to a magistrate judge for discovery.  The Court urges Eckert and Meadows to participate in discovery without filing baseless motions

8

and cautions them that their continued prolific filing of motions will only slow down this Court's consideration of the merits of this case.

SO ORDERED.

Dated:    July 23, 2026
          Buffalo, New York


                                        /s/ Lawrence J. Vilardo
                                        LAWRENCE J. VILARDO
                                        UNITED STATES DISTRICT JUDGE