UNITED STATES DISTRICT COURT
FILED
NOV 2 3 2026
ANDREW W MOELLER CLERK
WESTERN DISTRICT OF NY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RACHEL ECKERT,
Plaintiff,

v. 1:22-cv-00540-LJV-LGF

CITY OF BUFFALO, et al.,
Defendants.

**DEFENDANT CAROLETTE MEADOWS'S MEMORANDUM OF LAW IN PARTIAL OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE CORRECTED THIRD AMENDED COMPLAINT (ECF No. 149)**

Defendant Carolette Meadows, proceeding pro se, submits this memorandum in partial opposition to Plaintiff's motion for leave to file a corrected Third Amended Complaint ("TAC"). Meadows does not oppose the narrowing of Plaintiff's claims. She opposes the new conspiracy theory directed at her and asks the Court to strike ECF No. 142.

Meadows does not ask the Court to weigh evidence. On July 23, 2026, the Court denied without prejudice Meadows's June 17, 2026 motion for summary judgment, finding among other things that the motion was premature because discovery had not begun (Dkt. 135) [VERIFY LANGUAGE AND DOCKET NUMBER OF MOTION]. Each argument below assumes Plaintiff's allegations are true. Meadows disputes many of them, including Plaintiff's allegations about the source of the criminal-history record, but does not ask the Court to resolve those disputes on this motion.

**Preliminary Statement**

Plaintiff describes her proposed changes as clarifications of "incidents and communications already at issue." (ECF No. 149 at 1.) The proposed TAC does more than that. Count X adds a new conspiracy in which "Defendants City of Buffalo and Meadows reached a meeting of the minds" over the release of Plaintiff's criminal-history record, and it labels Meadows "a joint state-actor under section 1983." (TAC ¶¶ 671, 675.) Neither the Second Amended Complaint nor the version Plaintiff filed without leave at ECF No. 142 pleaded that theory. The motion does not disclose it.

The new theory is futile. After three versions of the same events, Plaintiff still cannot say who released the record, when, or how. She pleads no fact showing that Meadows agreed with any government actor to do anything. And the harms she attributes to the alleged 2022 conspiracy are criminal proceedings that began in 2020 and 2021. Leave should be denied as to that material.

**Background**

Plaintiff states that "ECF No. 123 at 68 directed Plaintiff to move for leave and attach a proposed amended complaint." (ECF No. 149 at 1.) [OPTIONAL: REPLACE WITH A DIRECT QUOTATION FROM ECF No. 123 at 68.] Plaintiff admits she "submitted ECF No. 142 without first filing that motion." (Id.) She submitted ECF No. 142 on August 31, 2026. (Id. at 2.) The present motion, filed November 6, 2026, asks the Court to accept the proposed TAC "in place of the version submitted at ECF No. 142" and to "clarify which pleading governs." (Id. at 1.)

The operative pleading is the Second Amended Complaint, filed July 18, 2023. (Dkt. 58.) It runs 234 pages. Meadows has a pending Rule 12(c) motion directed at it [In 144].

**Argument**

**I. The Court should strike ECF No. 142, and Plaintiff should plead directly rather than by reference**

Plaintiff concedes that ECF No. 142 was filed in violation of ECF No. 123. (ECF No. 149 at 1, 2.) The Court should strike it and confirm that the Second Amended Complaint governs unless and until leave is granted.

Rule 10(c) permits incorporation by reference in appropriate circumstances. Two paragraphs of the proposed TAC, however, leave Meadows unable to tell which allegations are being asserted against her. Paragraph 8 "incorporates factual events contained in her former RICO Statement" wherever those events "provide additional particularity." Meadows cannot determine which events in that separate filing are now part of the claims against her. Paragraph 561 operates differently. It does not incorporate an earlier complaint, but it limits a participation allegation to what is "established by Plaintiff's prior operative pleading and discovery," so its content depends on materials outside the pleading. If leave is granted in any part, Plaintiff should be directed to plead the facts she relies on directly.

Plaintiff's declaration attributes the filing error to medical conditions and states she did not act in bad faith. (ECF No. 149 at 2.) Meadows does not question that account. But pro se status does not excuse noncompliance with a direct court order. See McNeil v. United States, 508 U.S. 106, 113 (1993).

**II. Count X asserts a new theory that the motion does not disclose**

The motion summarizes the RAP-sheet changes as describing "the City's response concerning access to Plaintiff's RAP sheet." (ECF No. 149 at 1.) It does not mention that Count X now alleges an agreement between the City and Meadows (TAC ¶ 671), a Doe employee's use of law-enforcement

databases "under color of law" to obtain the record (¶ 673), and Meadows's participation "as a joint state-actor under section 1983" (¶ 675). Paragraph 11 separately seeks leave "to plead supplemental or amended theories based upon evidence concerning the disclosure and handling of Plaintiff's criminal-history information."

The theory is new. Plaintiff's account of how the record reached Meadows has changed with each pleading:

> The Second Amended Complaint alleged that "the ECDA office . . . provided MEADOWS with an unredacted copy of Plaintiff's criminal RAP sheet." (Dkt. 58 at 55.) The resulting claim ran against the City, Erie County, the District Attorney's office, and a Doe, not Meadows. (Id. at 131–32.)
>
> ECF No. 142 alleged that the record "was disclosed outside ordinary governmental channels" by an unidentified employee. (ECF No. 142 ¶ 376.) Its criminal-history count ran only against a "John/Jane Doe Governmental Discloser." Its conspiracy count concerned the May 23, 2020 police response, not the record.
>
> The proposed TAC now alleges, for the first time, that the City and Meadows "reached a meeting of the minds" and that Meadows acted as a "joint state-actor." (TAC ¶¶ 671, 675.)

Courts permit alternative pleading, and Meadows does not suggest otherwise. The point is narrower. Three pleadings later, Plaintiff still identifies no source, no procedure, and no agreement. The motion offers no explanation for adding a conspiracy theory against Meadows now.

### III. The new conspiracy allegations against Meadows are futile

Leave to amend may be denied where amendment would be futile. Foman v. Davis, 371 U.S. 178, 182 (1962). "In addressing the proposed futility of an amendment, the proper inquiry is comparable to that required upon a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6)." Aetna Cas. & Sur. Co. v. Aniero Concrete Co., 404 F.3d 566 (2d Cir. 2005). Futility is "a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6)." Panther Partners Inc. v. Ikanos Commc'ns, Inc., 681 F.3d 114, 119 (2d Cir. 2012). The Court accepts well-pleaded facts as true but not legal conclusions. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

#### A. Plaintiff pleads no agreement and no state action involving Meadows

To plead a § 1983 conspiracy against a private party, a plaintiff must allege "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." Ciambriello v. County of Nassau, 292 F.3d 307, 324–25 (2d Cir. 2002). "A merely conclusory allegation that a

private entity acted in concert with a state actor does not suffice to state a § 1983 claim against the private entity." Id. at 324. "[C]omplaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed." Id. at 325 (quoting Dwares v. City of New York, 985 F.2d 94, 100 (2d Cir. 1993)).

**Count X turns on joint action, and Plaintiff pleads none.** The constitutional right Count X invokes, informational privacy under the Fourteenth Amendment (¶ 672), restrains only government. Meadows is a private citizen and owes no constitutional duty to safeguard another person's criminal-history record. Plaintiff herself named Meadows in the Second Amended Complaint "as a non-state actor." (Dkt. 58 at 11.) Count X can reach Meadows only if Plaintiff pleads facts showing that she jointly participated with a state actor in an unconstitutional act. That is the dispositive question, and the allegations discussed below do not answer it.

To the extent Plaintiff relies on Meadows's former role as an Erie County Democratic Committee member, that role does not supply state action either. The Second Circuit distinguishes a party committee's internal affairs, which are private, from "public electoral functions." Seergy v. Kings County Republican County Committee, 459 F.2d 308, 314 (2d Cir. 1972); see Jacobson v. Kings County Democratic County Committee, 788 F. App'x 770 (2d Cir. 2019) (aff'g No. 16-cv-04809 (LDH) (RML), 2018 WL 10228395 (E.D.N.Y. Sept. 29, 2018)). Plaintiff alleges no electoral function connected to the criminal-history record or the May 23 police response. The committee role therefore adds nothing, and Count X still depends entirely on joint action that Plaintiff has not pleaded.

**The criminal-history record.** Plaintiff cannot cure the absence of state action by characterizing Meadows as a "joint state-actor" in ¶ 675. The proposed pleading must allege facts plausibly showing that Meadows was "a willful participant in joint activity with the State or its agents." Ciambriello, 292 F.3d at 324 (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970)). Plaintiff instead alleges an unidentified government employee, an unknown disclosure procedure, and an unspecified agreement. She admits she "does not know the date of its release or the identity of the employee" (¶ 643) and "does not know whether Meadows submitted identification or authorization or whether another procedure was used" (¶ 647). Even accepting ¶ 645 that Buffalo produced no FOIL request from Meadows, those allegations suggest at most an unauthorized release by someone Plaintiff cannot identify. They do not plausibly show that Meadows entered an agreement with a state actor to violate Plaintiff's constitutional rights. The "meeting of the minds" in ¶ 671 is a bare legal conclusion. The amendment is futile under Rule 12(b)(6).

Plaintiff's own pleading confirms the gap. She asserts Count X against additional defendants "only to the extent evidence establishes that a particular Defendant knowingly joined the alleged agreement." (¶ 670.) A claim reserved for whatever discovery might show is not a plausible claim now.

**The May 23, 2020 conversation.** Count X also rests on the May 23, 2020 police response. Even accepting Plaintiff's account, she pleads that Meadows, as a complainant, spoke with a responding officer (¶ 653), asked that Plaintiff be charged (¶ 654), and said she was being treated unfavorably because of race (¶ 655). "[T]he provision of background information to a police officer does not by itself make [a private party] a joint participant in state action under Section 1983." Ginsberg v. Healey Car & Truck Leasing, Inc., 189 F.3d 268, 272 (2d Cir. 1999) [VERIFY PIN]. "Where . . . a police officer exercises independent judgment in how to respond to a private party's legitimate request for assistance, the private party is not 'jointly engaged' in the officer's conduct." Id. Every investigative act Plaintiff identifies is an officer's act. Dixon accused Plaintiff of lying (¶ 657), failed to take witness statements (¶ 658), and threatened a witness (¶ 659). Five named officers allegedly failed to preserve favorable information (¶ 660). Plaintiff pleads no fact connecting Meadows to those decisions. Paragraph 663 alleges only that the circumstances "support an inference of concerted action," which is the conclusion Ciambriello holds insufficient.

### B. The alleged 2022 conspiracy could not have caused the pleaded injuries

Count X alleges that the criminal-history conspiracy caused Plaintiff "compulsory criminal proceedings." (¶ 677.) The disclosure is pleaded as occurring in "July of 2022." (¶¶ 377, 640.) Every criminal proceeding Plaintiff pleads began earlier: the December 5, 2020 assault charge (¶ 232), the January 18, 2021 petit larceny and criminal mischief charges (¶ 245), and the September 20, 2021 felony appearance ticket (¶ 267). A 2022 disclosure cannot have caused prosecutions that began in 2020 and 2021.

### C. Section 1985(3) does not reach this dispute

Count X is captioned under 42 U.S.C. § 1985. Section 1985(3) is not a general federal tort statute. It requires "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." Griffin v. Breckenridge, 403 U.S. 88, 102 (1971). The only racial allegation tied to Meadows is that she told Dixon she was being treated unfavorably because she is Black. (¶ 655.) That describes a grievance about her own treatment. It does not allege an agreement to deprive Plaintiff of rights because of Plaintiff's race. Paragraph 665's assertion of "discriminatory animus" is a label.

The rights Count X invokes also fail as against a private party. Where the right at issue is one secured only against government interference, as with the Fourteenth and First Amendment interests in ¶ 672, a § 1985(3) plaintiff must show that "the State was somehow involved in or affected by the conspiracy." United Bhd. of Carpenters & Joiners v. Scott, 463 U.S. 825, 833 (1983). For the reasons in Part III.A, Plaintiff pleads no state involvement attributable to Meadows. Because Count XI under 42 U.S.C. § 1986 depends on a viable § 1985 conspiracy, it fails as to Meadows as well.

Meadows reserves all defenses to Count X, including timeliness.

**IV. Amendment would cause undue delay and prejudice Meadows**

Leave may be denied for "undue delay" and "repeated failure to cure deficiencies by amendments previously allowed." Foman, 371 U.S. at 182 (1962). Plaintiff concedes that the May 23 exchange was already pleaded at ECF No. 3 at 66 and ECF No. 58 at 159–160. (ECF No. 149 at 2.) The May 23 exchange she now "restores" is not newly discovered. The proposed TAC also contains internal inconsistencies, such as dating the spoliation notice "April 02, 2026" (¶ 96) and the petit larceny charge "January of 2018" (¶ 595), that conflict with dates elsewhere in the pleading (¶¶ 245, 363(a)).

Granting leave as to Count X would prejudice Meadows. It would moot her pending Rule 12(c) motion [VERIFY ECF NO.] and require her to brief a new conspiracy theory before discovery has begun, in an action filed in 2022. It would also add to the overlap with the emotional-distress theories pending against her in Erie County Supreme Court, Index No. 818408/2024.

**Conclusion**

Meadows respectfully requests that the Court:

1. Strike ECF No. 142 and confirm that the Second Amended Complaint remains the operative pleading pending decision on this motion.
2. Deny leave as to the new Count X material (¶¶ 671–677) and Count XI as to Meadows.
3. If leave is granted in any part, direct Plaintiff to plead directly the facts she now incorporates through ¶¶ 8 and 561.
4. Deem Meadows's Rule 12(c) motion directed at whichever pleading governs.

Dated: 11/22/2026
Buffalo, New York

Respectfully submitted,

Carolette Meadows, pro se