UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
=========================
RACHEL ECKERT,

Plaintiff,

v.

CITY OF BUFFALO, et. al.

Defendants.
==========================

**Affirmation in Opposition Plaintiff's Motion for Leave to File Third Amended Complaint**

Case No. 1:22-cv-00540

## Attorney Declaration

Anthony C. Duddy, an attorney admitted to practice in this Court, declares under penalty of perjury pursuant to 28 U.S.C. §1746 that the following is true and correct:

1. I am an Assistant Corporation Counsel for the City of Buffalo, of counsel to Rosa Alina Pizzi, Esq., Corporation Counsel, and attorney for the City Defendants. This matter has been assigned to me, and I am fully familiar with it.

2. This declaration is submitted in response and in opposition to Plaintiff's Motion for Leave to File Corrected Third Amended Complaint (*Dkt. 149*).

3. This action has already undergone multiple pleading iterations, including an Original Complaint, a First Amended Complaint, and a Second Amended Complaint. Despite repeated opportunities—and clear guidance from prior filings and Court orders—Plaintiff now seeks leave to file a fourth version of the complaint.

4. Leave to amend should be denied for three independent reasons: (1) Plaintiff failed to comply with the mandatory procedural requirements of Western District of New York Local Rule 15; (2) Plaintiff has repeatedly failed to cure

fundamental pleading deficiencies across prior amendments; and (3) the proposed Third Amended Complaint is legally futile because its claims fail as a matter of law under Federal Rule of Civil Procedure 12(b)(6).

5. Because further amendment would be futile and unduly prejudicial to Defendants, Plaintiff's motion should be denied in its entirety without further leave to replead.

## **Relevant Procedural History**

6. On 07/12/2022 Plaintiff commenced this action *pro se* by filing a Complaint alleging *inter alia* first amendment retaliation and deprivation of due procedural rights in the New York State Supreme Courts. (*Dkt. No. 1*).

- On 07/18/2022, Plaintiff filed a First Amended Complaint. (*Dkt. No. 3*).
- On 07/18/2023, Plaintiff filed a Second Amended Complaint. (*Dkt. No. 58*).
- On 11/06/2026, Plaintiff filed the instant Motion for Leave to File a Third Amended Complaint, attaching a proposed pleading spanning 60 pages and 875 paragraphs. (*Dkt. No. 149*).

## **Legal Standard**

7. Under Federal Rule of Civil Procedure 15(a)(2), after a party has exhausted its right to amend once as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Although courts freely give leave when justice so requires, "it is within the sound discretion of the district court to grant or deny leave to amend." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007).

8. A district court properly denies leave to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *accord TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014). While *pro se* submissions are construed liberally, *pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (internal quotation marks omitted).

## <u>Argument</u>

### I. Plaintiff's Motion Fails to Comply with W.D.N.Y. Local Rule 15

9. As a threshold matter, Plaintiff's motion violates Local Rule of Civil Procedure 15. Under Local Rule 15(a), a movant seeking to amend a pleading must attach an unsigned copy of the proposed amended pleading as an exhibit, and the proposed pleading "must be a complete pleading which will supersede the original pleading in all respects" without incorporating prior pleadings by reference. Furthermore, Local Rule 15(b) requires the moving party to "identify the proposed amendments through the use of a word processing 'redline' function or other similar markings that will allow the Court and the opposing party to compare the proposed amended pleading to the operative pleading."

10. Here, Plaintiff failed to *provide a redlined or marked comparison copy identifying what was added, deleted, or modified from the Second Amended Complaint*, forcing the Court and Defendants to manually compare a lengthy

proposed Third Amended Complaint line-by-line against prior iterations frustrates the purpose of Local Rule 15 and warrants denial of the motion.

## II. Leave to Amend Should Be Denied Because Plaintiff Has Repeatedly Failed to Cure Pleading Deficiencies

11. Leave to amend is properly denied where a plaintiff has already been afforded multiple opportunities to state a viable claim and has repeatedly failed to do so. *See Foman*, 371 U.S. at 182; *see also Perry v. Mary Ann Liebert, Inc.*, 765 F. App'x 470, 473 (2d Cir. 2019) (affirming denial of leave to file a third amended complaint where plaintiff had multiple prior opportunities to cure pleading defects).

12. Plaintiff has already drafted three versions of the complaint in this matter—the Original Complaint, the First Amended Complaint, and the Second Amended Complaint. Despite having had three prior opportunities to plead cognizable claims, Plaintiff's proposed Third Amended Complaint repeats the same conclusory assertions and legally defective theories without curing the deficiencies previously identified by the Court. A *pro se* litigant is not entitled to endless bites at the apple.

## III. Permitting a Fourth Pleading Iteration Would Unduly Prejudice Defendants

13. In assessing undue prejudice, courts consider whether the amendment would "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or

(iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993).

14. This action has been pending since 2022. Requiring Defendants to expend additional public resources to brief yet another round of Rule 12 motions—or to reopen and expand discovery on newly injected theories that Plaintiff could have asserted years ago—imposes substantial and unjustified prejudice.

## Conclusion

For the foregoing reasons, Defendants respectfully request that the Court enter an Order denying Plaintiff's Motion for Leave to File a Third Amended Complaint in its entirety, denying any further leave to replead, and granting Defendants such other and further relief as the Court deems just and proper.

Dated: Buffalo, New York
November 24, 2026

ROSA ALINA PIZZI, ESQ.
Corporation Counsel
Attorney for City Defendants

By: s/Anthony C. Duddy
Assistant Corporation Counsel
City of Buffalo Department of Law
65 Niagara Square, 1138 City Hall
Buffalo, New York 14202
(716) 851-4203
aduddy@buffalony.gov